452 P.2d 720

**Lee D. CASHDOLLAR and Alton R. Hills, Appellants,**

**v.**

**Ora BIERBAUM, Appellee.**

**No. 1 CA–CIV 625.**

Court of Appeals of Arizona.

April 10, 1969.

Rehearing Denied April 30, 1969.

Review Denied June 3, 1969.

Marshall W. Haislip, Phoenix, for appellants.

James A. Yankee, Phoenix, for appellee.

STEVENS, Judge.

This case presents an unusual series of promissory notes executed by successive buyers of a small business all notes being payable to the original owner of the business. Each succeeding note was in that sum which reflected the unpaid principal balance remaining due to the original owner.

Gruhn was the original owner of a small laundry and sold it to Bierbaum who was the plaintiff in the Superior Court. Bierbaum gave Gruhn a promissory note and a chattel mortgage.

Bierbaum later sold the laundry to Cashdollar and Hills. Cashdollar and Hills were the defendants in the Superior Court action. At the time of the sale there was an unpaid principal balance on the Bierbaum note to Gruhn. Cashdollar and Hills paid Bierbaum for his equity and executed a promissory installment note in the sum of $2,500. This sum was the unpaid balance still owing by Bierbaum to Gruhn. The note was made payable to Gruhn and was secured by a chattel mortgage from Cashdollar and Hills to Gruhn. The note and mortgage were delivered to Bierbaum who in turn delivered them to Gruhn.

Approximately a year later Cashdollar and Hills sold the laundry to Seidner. Seidner executed an installment promissory note in the sum of $2,120.37 being the unpaid balance still owing to Gruhn. This note was also made payable to Gruhn. Seidner gave Cashdollar and Hills an additional note for the difference between the above figure and the purchase price. The Seidner note in favor of Gruhn was given to Bierbaum who in turn delivered it to Gruhn.

Seidner quit the business, stopped making payments and filed bankruptcy. Bierbaum then took temporary possession of the laundry. The landlord asked Bierbaum to sign over the laundry equipment in satisfaction of a landlord's lien which Bierbaum declined to do because he did not own the equipment. Thereupon the landlord removed the equipment.

Bierbaum paid the unpaid balance due to Gruhn and Gruhn assigned the Cashdollar and Hills note as well as the Seidner note to Bierbaum. The unpaid balance on each of these notes represented the identical indebtedness. After a trial to the court, Bierbaum recovered judgment against Cashdollar and Hills for the amount which he had been required to pay to retire the remaining obligation due to Gruhn. Although there were two notes, there was but a single recovery, that is, the sum representing the unpaid balance due to Gruhn.

In our opinion there is ample evidence to support the judgment.

The appellants raise issues on which there is at most a conflict of evidence. There is adequate evidence to support the finding that there was no novation in relation to the Cashdollar debt to Gruhn at the time of the execution of the Seidner note to Gruhn. We do not agree with the appellants that there was a subsequent failure of consideration when the landlord seized the personal property in the laundry. The record does not reflect that any chattel mortgage had ever been placed of record in the office of the County Recorder. In the various transactions each successive buyer assumed the unpaid obligation to Gruhn by his execution of a promissory note in the amount of the unpaid obligation each note being payable to Gruhn. The appellants urged that after Seidner left the laundry and Bierbaum was in temporary possession thereof these circumstances extinguished the Cashdollar and Hills obligation. We find that the evidence as to circumstances supports the contrary conclusion, the conclusion reached by the trial court. The judgment is affirmed.

DONOFRIO, C. J., and CAMERON, J., concur.